IN THE MATTER OF THE APPLICATION OF DOUGLASS BOARD-MAN, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF TOMPKINS COUNTY, APPELLANT.

*Liability of an agent to taxation upon moneys held by him for investment—1 R. S., 6 ed., 934, § 5, as amended by chapter 76 of 1851, § 2.*

Section 5 of title 2 of article 1 of chapter 13 of part 1 of the Revised Statutes, as amended by section 2 of chapter 76 of 1851, provides that " every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him including all personal estate in his possession or under his control as agent, trustee, guardian, executor, or administrator . . . . but the products of any State of the United States, consigned to agents in any town or ward of this State, for sale on commission, for the benefit of the owner thereof, shall not be assessed to such agent, nor shall such agents of moneyed corporations or capitalists be liable to taxation under this section for any moneys in their possession, or under their control, transmitted to them for the purposes of investment or otherwise."

*Held,* that the exception contained in the latter part of the said section only applied to agents holding moneys transmitted to them by *foreign* corporations or capitalists, and that a resident of this State was liable to be

assessed for and taxed upon moneys and securities in his possession, and under his control, which had been transmitted to him by another resident of the State for the purpose of investment.

APPEAL from an order of the Tompkins County Court, adjudging that a certain tax heretofore assessed against the petitioner as agent was illegal and unauthorized by law, and directing the Board of Supervisors of Tompkins county to refund to the petitioner the amount thereof, to wit: $348, with interest from January 14, 1880.

The tax referred to was collected upon an assessment against the petitioner as agent for $12,500, personal property, made by the assessors of the town of Ithaca, where he resided. At the time this assessment was made, he had in his possession, or under his control at Ithaca, personal property of the value of $12,500 and upwards, consisting of bonds and mortgages, running in his own name as mortgagee, in which he had invested moneys belonging to his two sisters, who resided in Monroe county in this State. These securities he had taken and held as the agent of his sisters.

*Wm. N. Noble,* for the appellant.

*Bernard Mooney* and *F. M. Finch,* for the respondent.

LEARNED, P. J.:

The facts show that two sisters of the petitioner, residing in Monroe county, had sent him money to invest for them on bond and mortgage. He invested it for them often taking the securities in his own name, but allotting to each her securities; setting them apart to each on his books, whenever the securities were in a sufficient or convenient form for division; making the proper entries on his books, showing the nature and amount of the securities; after which time the securities were the sole and only property of the sister to whom they were thus set apart. The petitioner had no interest therein or title thereto, except for the purpose of managing and investing, and has been subject to the orders of his sisters in reference thereto.

The statute requires that every person be assessed in the town, &c., " for all personal estate owned by him, including all personal

estate in his possession or under his control as agent, trustee, guardian, executor or administrator." These bonds and mortgages were in the possession of the petitioner. They were under his control. He could assign or transfer them. True, in doing this, he would be accountable for the avails. So would an executor.

They were in his control as agent. In *Lord* v. *Arnold* (18 Barb., 104, cited by the petitioner), Smith only had possession of certain land contracts of Lord, with power to receive the consideration, and was little more than a collecting attorney. At any rate, the part of the section now under consideration has recently had a judicial construction. In the case of *Williams* v. *Supervisors* (78 N. Y. 565), Judge RAPALLO, in the prevailing, opinion, says : "This provision, if standing alone, would doubtless authorize the assessment complained of." We may then say that, aside from the exception contained in the latter part of the section, the petitioner, as agent, was properly assessed.

But it is urged on his behalf that he comes within the following exception : "But the products of any State of the United States consigned to agents in any town or ward of this State for sale on commission, for the benefit of the owner thereof, shall not be assessed to such agent ; nor shall such agents of moneyed corporations or capitalists be liable to taxation under this section for any moneys in their possession or under their control, transmitted to them for purposes of investment or otherwise." The petitioner insists that the words, "the products of any State," include the products of this State, and therefore that the words "*such* agents of . . capitalists" include agents of capitalists resident in this State. He therefore insists that the decision in the case of *Williams* v. *Supervisors* is decisive of the present.

On examination of the prevailing opinion in that case, it will be found, however, that the court construed the exception above cited as intended to "encourage and even invite the sending of *foreign* capital here for investment." And in connection with this exception the learned judge cited in his opinion 1 R. S., p. 419, § 3, which exempts from taxation bonds and mortgages, &c., belonging to non-residents of the State, sent here or deposited for collection.

And referring to both these parts of the statutes, the learned judge says that they are " designed to afford to the foreign capitalist who invests his funds here, every conceivable protection. His capital cannot be taxed while awaiting investment. If the securities are taken by him out of the State, he may with impunity send them back to an agent for the collection of principal and interest, and if, instead of being removed from the State, they are deposited here with an agent for collection, they are equally free."

The dissenting opinion of Judge EARL in the same case seems to take the same view, viz.: that this exception has reference to money transmitted from other States to agents here. And it seems to us that this is the fair meaning. It will be noticed that the language of the exception is not such as to provide that these products and these moneys shall be assessed to the owner where he lives. But it merely excepts them from assessment to the agent. If it had been intended to apply to products or moneys belonging to residents of the State, the section would probably have provided that they should be assessed to the owner. But inasmuch as only foreign products and foreign moneys were meant, it was necessary only to provide that the agent should not be assessed; and thus to induce the sending into the State of foreign products and the moneys of non-resident capitalists.

It seems to us, therefore, that the prevailing opinion in *Williams* v. *Supervisors*, cited by the petitioner, shows that the case here presented is not within the exception of the statute. Here is no foreign capital. The moneys are within the jurisdiction of the State, and taxable by the State, and the question is simply in what town shall they be assessed? Now, the policy of our system is to assess the trustee, not the beneficiary; as is shown in section 5, above cited. And there would be no reason for so strange an exception to this policy as is contended for by the petitioner. By a previous sentence in this section, it is said: "in no case shall property so held under either of these trusts be assessed to any other person;" that is, any person other than the *agent*, trustee, &c. So that, on the petitioner's claim, the property in question is not to be assessed at all.

The construction which we give makes the system consistent.

Foreign capital ought not to be assessed at all in this State; and, therefore, agents holding foreign capital or securities are not to be assessed therefor. (*Williams* v. *Supervisors, ut supra.*) Capital of residents of the State should be assessed. And it is to be assessed to the agent, trustee, &c., and not to the person beneficially interested. The reason is, that it can be more surely reached in the agent or trustee's hands, and that the beneficiary may not have the means with which to pay the tax.

We think that the order should be reversed, with $10 costs, and printing disbursements.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Order reversed, with $10 costs, and disbursements, and motion denied, with $10 costs.